UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRANDEN KUSS, | ) |
| | ) CASE NO. C12-1187-RAJ-MAT |
| Plaintiff, | ) |
| | ) |
| v. | ) REPORT AND RECOMMENDATION |
| | ) |
| EARL WRIGHT, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Branden Kuss proceeds *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. §1983.  Plaintiff is incarcerated at the Monroe Correctional Complex and alleges restriction of his religious practices through the requirement that he pay three dollars before he can change to a Kosher diet.  (*See* Dkt. 5.)  Defendants move to dismiss plaintiff's complaint based on his failure to exhaust administrative remedies.  (Dkt. 13.)  Plaintiff did not respond to the motion to dismiss.  The Court construes this failure to respond as an admission that the motion has merit.  Local CR 7(b)(2).  The Court further finds, having

REPORT AND RECOMMENDATION
PAGE -1

considered the motion and supporting documents, as well as the balance of the record in this matter, that defendants' motion should be GRANTED and this case DISMISSED without prejudice for failure to exhaust.

This motion is properly brought as an unenumerated Rule 12(b) motion to dismiss for failure to exhaust nonjudicial remedies as required by the Prison Litigation Reform Act (PLRA). *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). In considering whether plaintiff exhausted his administrative remedies, the Court may consider documents beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20, 1120 n.14.[1] If the Court concludes plaintiff failed to exhaust his nonjudicial remedies, his claims should be dismissed without prejudice. *Id.* at 1120.

Under the PLRA:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion allows for the internal resolution of complaints, reduction of litigation, and, where complaints are not internally resolved, the preparation of a useful record. *Jones v. Bock*, 549 U.S. 199, 219 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 88-91 (2006) and *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002)). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in

---

[1] If a court looks beyond the complaint to decide exhaustion issues, a plaintiff must have "fair notice" of his right to develop a record. *Wyatt*, 315 F.3d at 1120 n.14. Defendants must serve the proper notices concurrent with their motions to dismiss and motions for summary judgment so that *pro se* prisoner plaintiffs will have fair, timely, and adequate notice of what is required of them in order to oppose those motions. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012). Defendants here provided the requisite notice to plaintiff. (Dkt. 14.)

REPORT AND RECOMMENDATION
PAGE -2

Case 2:12-cv-01187-RAJ   Document 15   Filed 11/26/12   Page 3 of 4

court." *Id*. at 211.  An inmate must properly exhaust a complaint, meaning "that a grievant must use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing *Woodford*, 548 U.S. at 93). Exhaustion applies to all actions relating to prison conditions.  *Porter*, 534 U.S. at 524, 532 ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.")

The Washington Offender Grievance Program (OGP) is the grievance procedure available to plaintiff and all inmates incarcerated in institutions run by the Washington Department of Corrections (DOC).  The OGP consists of four levels of review: (1) Level 0 – the complaint or informal level, at which a grievance coordinator either pursues informal resolution, returns the complaint for rewriting or for additional information, or accepts the complaint and processes it as a formal grievance; (2) Level I – grievances against policy, procedure, or other offenders, and grievances processed as emergencies; (3) Level II – appeal of Level I grievances; and (4) Level III – appeal of Level II responses.  (Dkt. 13, Ex. 1 at 2-3 and Attach. A.)  An initial complaint must be filed within twenty days of the incident and appeals must be filed within five days of receiving the response.  (*Id*. at 3.)

Plaintiff filed a Level I grievance challenging the requirement that he pay three dollars to change his diet plan. (*Id*., Attach. C.)  Plaintiff received a response to the grievance on March 28, 2012.  (*Id*., Attach. C at 5 (indicating policy allows selection of one religious diet at reception to DOC at no cost, but imposes three dollar fee for voluntary change of diet to pay for replacement Identification Card).)  Plaintiff thereafter filed a Level II appeal and received a

REPORT AND RECOMMENDATION
PAGE -3

response on May 21, 2012 upholding the Level I response.  (*Id.*, Attach. C at 9-12.)  Contrary to plaintiff's contention, however, his Level II appeal did not constitute the "last and final level of [g]rievance[.]"  (Dkt. 5 at 3.)  That is, because plaintiff failed to appeal to Level III (*see* Dkt. 13, Ex. 1 at 4), he failed to exhaust the OGP grievance procedure.  Given the failure to exhaust, plaintiff's claims are subject to dismissal without prejudice.  *See* 42 U.S.C. § 1997e(a); *Jones*, 549 U.S. at 219; and *Wyatt*, 315 F.3d at 1120.[2]

For the reasons stated above, defendants' motion to dismiss (Dkt. 13) should be GRANTED and this action DISMISSED without prejudice for failure to exhaust administrative remedies.  A proposed Order accompanies this Report and Recommendation.

DATED this 26th day of November, 2012.

*[signature]*

Mary Alice Theiler
United States Magistrate Judge

---

[2] Defendants do not sufficiently support the contention that this matter should be dismissed with prejudice.  *See*, *e.g.*, *Armstrong v. Scribner*, No. 08-56350, 2009 U.S. App. LEXIS 24061 at *2 (9th Cir. Oct. 30, 2009) (upholding dismissal for failure to exhaust, but remanding for dismissal without prejudice) (citing *Wyatt*, 315 F.3d at 1120).